On Rehearing.
LAND, J.
[1] The total of costs, taxes, and penalties due on the N. 14 of the S. E. 14 *1011 of section 41 amounted to $40.22. Defendant tendered $58.41 to redeem the N. W. % and the S. E. % of section 41. Plaintiff refused to accept the tender, without assigning any reasons for his action. As a litigant the plaintiff contends that the defendant had no legal right to redeem the S. E. % of section 41, and therefore his offer to redeem the N.' W. Yi and the S. E. Yi of said section was not warranted by the statute.
The Constitution provides that property sold for taxes shall be redeemable at any time for the space of one year by paying the price given, including costs, and 20 per cent, thereon. Article 233. This provision is incorporated in section 53 of Act 170 of 1898; and in section 63 it is provided that the tax collector shall conclude his tax “deed with the statement that said property shall be redeemable at any time for the space of one year beginning on the day when the said deed is filed for record in the conveyance office in the parish in which the property is situated.” Section 65 further provides the owner of property adjudicated to a purchaser at tax sale may redeem by making payment to the tax collector when the purchaser cannot be found or declines to receive the payment. Section 62 provides that “the owner, or any person, interested personally, or as heir, legatee, creditor, or otherwise, in any lot or lands bid in for and adjudicated to the state,” may redeem the property.
There is no provision of the revenue act which permits the redemption of property sold at tax sale for less than the total of the taxes, penalties, and costs due thereon, plus 20 per cent. After a tax sale has been made, the question of redemption is one between the tax purchaser and the owner or other party in interest; and the only statutory duty imposed on the tax collector relative to the redemption of the property is to receive payment when the purchaser cannot be found or declines to receive it.
The defendant tendered to the plaintiff a sum sufficient to redeem all the property which had been purchased by him at a tax sale, and the plaintiff declined to receive payment without giving any reasons for his refusal. Whereupon the same sum of money was deposited with the tax collector, with the written statement that it was intended,to redeem the N. E. % and the S. E. % of section 41.
We are of opinion that the defendant was bound, as he did, to tender the full amount of the taxes, costs, and penalties, and that this tender by operation of law worked a redemption of the three quarter sections; and further that the defendant, having a record title to one of the quarter sections, had a personal interest in the redemption of the property as a whole. The willingness of the defendant to restrict the redemption to two of the quarter sections did not impair the legal effect of his tender of the full amount required to redeem the three quarter sections.
Judge Cooley says:
“He who would redeem must also pay the full amount of the purchase money, with statutory interest and penalty, if any, irrespective of equitable circumstances which might seem to entitle him to claim a deduction; but a sufficient tender will always work a redemption. * * * Where the statute makes no provision for the redemption of an undivided interest, the person who owns such an interest can redeem only by paying all the redemption money.”
See Cooley on Taxation, vol. 2 (3d Ed.) pp. 1027-1030.
The same rule applies where several parcels belonging to different parties are assessed and sold as an entirety. 37 Cyc. 1409.
[2] Our revenue act of 1898 authorizes the taxing officers to correct errors of assessment in the description of property or owner’s name, and to advertise and sell the same by its correct description. Sections 70 and 72. But the statute confers no power on the taxing officers to correct such errors in the assessment after a tax sale. In the recent case *1013 of Howcott v. Smart, State Tax Collector, 133 La. 681, 63 South. 281, a majority of this •court held that a lump assessment of lands belonging to different persons could be correct•ed prior to a tax sale of the property. ‘ In this, as in that case, the owners made no return of the lands for assessment, and this court held that, under section 14 of Act 170, p. 354, of 1898, the taxpayers were estopped to contest the correctness of the assessment. If no bidder offers to pay the taxes and costs for a less quantity, our statute provides that the property must be sold as a whole, and it follows must be redeemed as a whole, in the absence of statutory authority permitting a redemption in parcels by the different parties in interest.
See dissenting opinion of PROVOSTY, J., ■84 South. 890.
It is therefore ordered that the judgment •appealed from be reversed, and it is now ordered that plaintiff’s suit be dismissed, with ■costs.